[Civ. No. 1310.   Second Appellate District.—December 13, 1913.]

W. H. HARRELSON, Appellant, v. ORO GRANDE LIME AND STONE CO. (a Corporation), et al., Respondents.

EMINENT DOMAIN—LEASED PREMISES—VALUE OF LEASEHOLD AND OF RIGHT TO REMOVE BUILDINGS—AWARD MADE BY JUDGMENT—PRESUMPTION.—Where the judgment in eminent domain proceedings awards a certain amount to the owner of the property and a certain amount to his lessees, who have the right, under the lease, to remove the improvements at the end of the term, it will be presumed, in a subsequent action on the lease to recover rent, wherein the lessees set up as a counterclaim that the award to them did not include the value of the right to remove the improvements, that in the judgment in the condemnation proceedings the rights of all parties

interested in the property condemned, whether as owners or lessees, were fully and correctly determined, and the value of each particular interest fixed and award thereof made to the owner.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Stephens & Stephens, for Appellant.

Sheldon Borden, and George H. Moore, for Respondents.

SHAW, J.—This action was brought to recover from defendants four hundred and fifty dollars, alleged to be due under the terms of a written lease as rental for certain real estate. Defendants answered admitting default in the payment of rent as alleged, but in defense of the action they set up a counterclaim in the sum of three hundred and seventy-four dollars, paying plaintiff the difference between the four hundred and fifty dollars sued for and the amount of the alleged counterclaim.

The question involved at the trial was the right of defendants to recover upon the counterclaim. Judgment went for the defendants, from which, and an order denying his motion for a new trial, plaintiff appeals.

The counterclaim grows out of the following facts: On January 22, 1902, plaintiff executed to defendants Stimson and Fleming a lease of a parcel of land in the city of Los Angeles, for a term of ten years. The lessees erected buildings and made improvements upon the property, and thereafter, without assigning the lease, sublet the same to defendant Oro Grande Lime and Stone Company, of the capital stock of which Stimson and Fleming were the sole owners, to which they sold the buildings. The lease contained a provision as follows: "The lessees shall have the right, upon the termination of this lease, to remove all buildings and improvements placed by them upon said premises, unless they shall forfeit their right to remove the same, as hereinafter provided." On December 12, 1905, the city of Los Angeles commenced proceedings to condemn a portion of the prop-

erty described in the lease. While the Lime Company was not made a party to this proceeding, its sole owners, Stimson and Fleming were parties and represented by attorneys at the hearing before the referees. Moreover, an award made as to the leasehold interest was received and receipted for by the Lime Company; so the fact that it was not formally made a party, so far as this action is concerned, is unimportant. On January 10, 1908, the referees filed their report and finding, whereby it was made to appear that plaintiff was the owner of the land and that Stimson and Fleming had a leasehold interest therein as shown by the lease hereinbefore referred to. They further found that the value of the parcel of land sought to be condemned was $8,236; that the value of the improvements thereon was $374; and that the damage to the portion of the property not condemned was $794, making a total of $9,404. Of this sum $8,404 was awarded to plaintiff as owner of the land, and one thousand dollars was awarded to Stimson and Fleming as "owners and holders of a leasehold interest" therein. At the hearing of this report an interlocutory decree was duly entered in accordance therewith, from which no appeal was taken, and final judgment followed.

We must presume that in this final decree the rights of all parties interested in the property condemned, whether as owners or lessees, were fully and correctly determined and the value of each particular interest fixed and award thereof made to the owner. The interest of defendants was a leasehold the value of which was fixed at one thousand dollars. In arriving at this value the referees had access to and presumably considered the lease, which showed defendants' right to the buildings, for the purpose of ascertaining the value of defendants' interest thereunder. This interest consisted, among other things, of the unexpired term of the lease, together with the right at the expiration thereof to remove the buildings The one thousand dollars awarded covered the value of the right to remove the buildings as fully as it covered the unexpired term of the lease, and hence respondents might with equal propriety claim that the latter item of value was not included in the leasehold interest, for which the one thousand dollars was awarded, as to insist that the right to remove the buildings was not so included. Both arose under the

provisions of the lease, without which neither right could be asserted, and each constituted a part of the leasehold going to make up the interest in the property, for all of which interests defendants were awarded the said sum of one thousand dollars. It follows that the defendants were not entitled to the counterclaim.

The judgment and order are reversed.

Conrey, P. J., and James, J., concurred.